UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 99 CR 354 |
| | ) | |
| STEVEN CROSS, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the Court on Stephen Cross's ("Cross") Motion to Vacate Void Judgment pursuant to Fed. R. Civ. Proc. 60(b)(4). In addition, Cross has filed a Fed. R. Civ. Proc. 56(a) Motion for Summary Judgment and a Motion for Immediate Evidentiary Hearing. For the reasons set forth below, Cross's Motion to Vacate Void Judgment is dismissed as untimely and all other pending Motions are summarily dismissed as moot.

Cross filed his Motion to Vacate Void Judgment pursuant to Fed. R. Civ. Proc. 60(b)(4); however, because he is attempting to void his criminal conviction and sentence, the rules of Civil Procedure are inapplicable. Consequently, we address Cross's Motion under Fed. R. Crim. Proc. 34(b), the criminal vehicle affording

equivalent relief as Rule 60(b)(4). Rule 34(b) requires a court to arrest judgment if the indictment does not charge an offense or if the court was without jurisdiction of the offense charged.

Pursuant to Rule 34(b), a "defendant must move to arrest judgment within 7 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or *nolo contendre*, or within such further time as the court sets during the 7-day period." Fed. R. Civ. Proc. 34(b). The court may not extend the date for the filing of post-trial motions once the seven-day limit established by Rule 34 has passed unless the court somehow induced the defendant to rely on an erroneous extension. Fed. R. Crim. Proc. 45(b); United States v. Hill, 826 F.2d 507, 508 (7th Cir. 1987) (pursuant to Rule 45(b) the trial court could not entertain an untimely motion for reduction of sentence under Rule 35(b) which equally applies to Rule 34(b)); United States v. Brown, 742 F.2d 363, 368 (7th Cir. 1984).

On March 21, 2001, Cross pled guilty to three counts of mail fraud in violation of 18 U.S.C. § 1341. That same day, we entered judgment on Cross's plea. Cross was sentenced to 10 years and 5 months. On August 29, 2005, nearly 5 years after the fact, Cross filed the present motion. He presents no evidence that we, in any way, induced him to rely on an erroneous extension of the 7-day filing deadline. Consequently, Cross's Motion to Vacate Void Judgment is untimely.

Even if Cross's Motion were timely, his claim fails as a matter of law and is frivolous. A complaint is frivolous when the factual allegations and legal conclusions lack an arguable basis in either law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). The essence of Cross's argument, that 18 U.S.C. § 1341 is invalid because it does not have an enacting clause and, as a result, we lacked jurisdiction over the matter, is ludicrous. There is no question that the statutes set forth in Title 18 of the United States Code constitute the official laws of the United States. Consequently, Cross's Motion lacks an arguable basis in law and is therefore frivolous.

Based upon the foregoing analysis, Cross's Motion to Vacate Void Judgment is dismissed. Similarly and in addition, all other pending motions are dismissed as moot.

                                             /s/ Charles P. Kocoras
                                             Charles P. Kocoras
                                             Chief Judge
                                             United States District Court

Dated:   January 24, 2006